## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| DEBRA MALONEY, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　v.<br><br>THE STARK COLLECTION AGENCY INC., and EDUCATORS CREDIT UNION,<br><br>　　　　　Defendants. | Case No.: 19-cv-716<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats (the "WCA").

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Debra Maloney is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant The Stark Collection Agency, Inc. ("SCA") is a debt collection agency with its principal offices at 6425 Odana Road, Madison, Wisconsin 53719.

7. SCA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. SCA is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. SCA is licensed as a collection agency by the Division of Banking in Wisconsin Department of Financial Institutions, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

10. SCA is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

11. Defendant Educators Credit Union ("Educators") is a credit union organized under the laws of the United States of America. Defendant Educators is headquartered at 1326 Willow Rd., Mount Pleasant, Wisconsin 53177.

12. Educators is in the business of, among other things, originating unsecured personal loans owed to itself or its predecessors in interest. *See* https://www.ecu.com/personal/loans/other-loans/.

13. On its face, the WCA's regulation of debt collectors applies without distinction to creditors collecting on their own behalf, to creditors who hire other debt collectors to collect on the creditor's behalf, and to third-party debt collectors acting on behalf of creditors. *See* Wis. Stat. § 427.103(3).

14. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, *directly or indirectly*, in debt collection, and includes any person who sells, or offers to sell, forms

2

represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

15. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

16. Educators is a "debt collector" under Wisconsin law, in that it collects consumer debts owed to itself, both directly and indirectly through collection agencies.

17. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

18. Educators uses third-party debt collection agencies, including Stark, to collect consumer debts. Educators, directly or indirectly, is a "debt collector" under this arrangement. Wis. Stat. § 427.103(3).

19. Any company meeting the definition of a "debt collector" (here, Educators) is vicariously liable for the actions of a second company collecting debts on its behalf. *See, e.g., Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317, 325-26 (7th Cir. 2016).

## FACTS

20. On or about February 4, 2019, Stark mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "EDUCATORS CREDIT UNION." A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

3

21. Upon information and belief, the alleged debt referenced in Exhibit A was incurred as a result of a short-term, unsecured, consumer loan, the proceeds of which were used exclusively for personal, family, and household purposes.

22. Upon information and belief, Exhibit A is a form letter, generated by computer and with information specific to Plaintiff inserted by computer.

23. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

24. Exhibit A includes the following representation:

| | |
|---|---|
| PRINCIPAL: | $1,453.88 |
| INTEREST: | $18.57 |
| AMOUNT DUE: | $1472.45 |

25. Exhibit A thus indicates that Plaintiff's alleged debt had a "PRINCIPAL" amount of $1,453.88, with an additional $18.57 itemized as "INTEREST."

26. Upon information and belief, the "INTEREST" itemized by Exhibit A is accruing at a rate of 5.0% per annum pursuant to Wis. Stat. § 138.04.

27. Where SCA is imposing interest at a rate 5.0% per annum, $18.57 would reflect roughly three months of interest on a principal amount of $1,453.88.

28. Upon information and belief, Educators charged-off Plaintiff's alleged debt around June of 2016 in the amount of $1,453, and Educators ceased adding additional interest on this amount until the account was assigned to SCA for collection.

29. By the time SCA had sent Exhibit A to Plaintiff, Educators had thus declined to impose interest for a period of over two years and had therefore waived its right to impose interest on Plaintiff's account. *See, e.g., Simkus v. Cavalry Portfolio Servs., LLC*, 12 F. Supp. 3d 1103, 1109-10 (N.D. Ill. 2014).

4

Case 2:19-cv-00716-PP   Filed 05/14/19   Page 4 of 12   Document 1

30. Exhibit A seeks to collect an incorrect "amount of the debt."

31. Plaintiff was confused and misled by Exhibit A.

32. The unsophisticated consumer would be confused and misled by Exhibit A.

*The FDCPA*

33. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Neeley v. Portfolio Recovery Assocs., LLC*, 268 F. Supp. 3d 978, 982 (S.D. Ind. Aug. 2, 2017) ("[N]othing in *Spokeo* overruled the Seventh Circuit's decisions that emphasized and affirmed the power of Congress to pass legislation creating new rights, which if violated, would confer standing under Article III.") (alteration in original) (quoting *Saenz v. Buckeye Check Cashing*, 2016 U.S. Dist. LEXIS 127784, at *5 (N.D. Ill. Sep. 20, 2016); *Qualls v. T-H Prof'l & Med.*

*Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

34. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

35. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. 15 U.S.C. § 1692e(2)(A) specifically prohibits the "false representation of the character, amount, or legal status of any debt."

37. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

38. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

39. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect a debt."

### *The WCA*

40. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

41. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country,"

7

and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

42. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

43. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

44. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

45. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

46. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court

analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

47. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

48. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

49. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

50. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

51. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

52. The Wisconsin Department of Financial Institutions, which is tasked with the regulation of licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I -- FDCPA

53. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

54. Count I is brought against Defendant Stark.

55. By itemizing an amount in addition to the total balance of Plaintiff's alleged debt as "INTEREST," Exhibit A threatens to impose such additional amounts and does in fact seek to collect such additional amounts even though SCA and/or the creditor lacked the legal authority to impose such additional amounts.

56. Defendant thereby violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(1)

## COUNT II -- WCA

57. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

58. Count I is brought against both Defendants.

59. By itemizing an amount in addition to the total balance of Plaintiff's alleged debt as "INTEREST," Exhibit A threatens to impose such additional amounts and does in fact seek to collect such additional amounts even though SCA and/or the creditor lacked the legal authority to impose such additional amounts.

60. Exhibit A similarly violates the FDCPA.

61. SCA is licensed as a collection agency by the Division of Banking in Wisconsin Department of Financial Institutions, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

62. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

63. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the Complaint in this action, (c) seeking to collect a debt owed to Educators incurred for personal, family, or household purposes, (d) that had charged off more than two years before the letter in the form of <u>Exhibit A</u> was mailed, (e) and which which itemized a non-zero amount as "INTEREST," (f) where the letter was mailed between May 14, 2018 and May 14, 2019, (f) and was not returned by the postal service.

64. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of each Class.

65. There are questions of law and fact common to the members of the Class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Defendant violated the FDCPA and the WCA.

66. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

67. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

68. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

69. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) injunctive relief;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: May 14, 2019

        **ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com